## UNITED STATES *v.* NICEWONGER.

*(District Court, W. D. Pennsylvania.* May Term, 1884.)

CRIMINAL LAW—ILLEGAL PENSION FEES—DECEASED PENSIONER—REIMBURSEMENT CLAIM—REV. ST. §§ 5485, 4718—ACT OF MARCH 3, 1881.

The penal legislation contained in section 5485 of the Revised Statutes, and the acts of June 20, 1878, and March 3, 1881, limiting the amount lawfully demandable or receivable by an agent, attorney, or other person instrumental in prosecuting a claim for pension, etc., does not apply to a claim under section 4718, Rev. St., for reimbursement out of an accrued pension by one who bore the expenses of the last sickness and burial of a deceased pensioner, nor to the agent or attorney of such claimant.

*Sur* Demurrer to Indictment.

*Wm. A. Stone,* for the United States.

*Wm. D. Moore,* for defendant.

ACHESON, J. The demurrer raises the question whether the indictment discloses a criminal offense against the laws of the United States.

Section 4718 of the Revised Statutes, relating to accrued pensions, where the pensioner, or person entitled to a pension, having an application therefor pending has died, in its concluding clause provides:

"An 1 if no widow or child survive, no payment whatsoever of the accrued pension shall be made or allowed, except so much as may be necessary to reimburse the person who bore the expenses of the last sickness and burial of the decedent, in cases where he did not leave sufficient assets to meet such expenses."

John Harpst, a pensioner of the United States, lately died, leaving to survive him neither widow nor child. Eliza Templeton bore the expenses of his last sickness and burial, and the pensioner, having left insufficient assets to meet such expenses, she applied for reimbursement out of his accrued pension, and her claim was allowed. The defendant—to quote the language of the indictment—was her "agent, attorney, and person instrumental in prosecuting" her said "claim for reimbursement;" and the indictment charges that he "unlawfully did withhold from the said Eliza Templeton a greater compensation for his * * services and instrumentality in prosecuting said claim for reimbursement as aforesaid than then was and now is provided in the title pertaining to pensions as set forth in the act of congress approved June 20, 1878, entitled 'An act relating to claim agents and attorneys in pension cases,' (20 St. at Large, 243,) to-wit, unlawfully did withhold and retain of and from the said Eliza Templeton the sum of one hundred and five dollars and thirty-three cents for his * * * services and instrumentality in prosecuting said claim for reimbursement."

The said act of June 20, 1878, declares: "It shall be unlawful for any attorney, agent, or other person to demand or receive for his services in a pension case a greater sum than ten dollars;" and the act of March 3, 1881, (Supp. to Rev. St. 602,) provides as follows: "The provisions of section 5485 of the Revised Statutes shall be applicable to any person who shall violate the provisions of an act entitled, 'An act relating to claim agents and attorneys in pension cases,' approved June 20, 1878."

Section 5485 reads thus:

"Any agent or attorney, or any other person instrumental in prosecuting any claim for pension or bounty land, who shall directly or indirectly contract for, demand, or receive, or retain any greater compensation for his services or instrumentality in prosecuting a claim for pension or bounty land than is provided in the title pertaining to pensions, or who shall wrongfully withhold from a pensioner or claimant the whole or any part of the pension or claim allowed and due such pensioner or claimant, or the land-warrant issued to any such claimant, shall be deemed guilty of a high misdemeanor, and upon conviction thereof shall for every such offense be fined, not exceeding five hundred dollars, or imprisoned at hard labor not exceeding two years, or both, at the discretion of the court."

Does this legislation cover the case of this defendant? For the proper solution of the question reference must be had to the title pertaining to pensions in the Revised Statutes, viz., sections 4768, 4769, 4785, and 4786.

Sections 4785 and 4786 fixed $25 as the maximum compensation demandable or receivable by an agent, attorney, or other person "for

his services in prosecuting a claim for pension or bounty land," in case of an agreement between the parties filed with and approved by the commissioner of pensions, and $10 as the lawful fee where there was no such agreement; and by sections 4768 and 4769 the paying pension agent was required to deduct from the amount due the pensioner such compensation or fee, and forward the same to the agent or attorney of record named in the agreement; or, in the absence of such agreement, to the agent prosecuting the case.

Section 4718, relating to accrued pensions, and providing for the reimbursement thereout, under certain circumstances, of the person bearing the expenses of the last sickness and burial of the decedent, is, indeed, found in the title pertaining to pensions; but it seems to me clear that section 5485 did not originally apply to such reimbursement claims, or to the agent or attorney of such claimant. A comparison of section 5485 with the other sections of the Revised Statutes referred to, constrains the conclusion, I think, that the penal legislation therein contained had respect to dealings between a pensioner, or claimant for a pension, and his agent or attorney or other person prosecuting his claim. The intention manifestly was to protect the pensioner, and to secure to him the bounty of the government. The agreement to be filed with and approved by the commissioner was an agreement between the pension claimant and his agent or attorney, and the compensation mentioned in section 5485 is for services or instrumentality in prosecuting a "claim for pension." By no fair interpretation of this language—especially when employed in a criminal statute—can it be held to embrace a claim for reimbursement out of a granted and accrued pension, by one who bore the expenses of the last sickness and burial of a deceased pensioner. The "claimant" spoken of in the latter part of the section, it is evident from the context, is a claimant for pension or bounty land, and the word "claim," there occuring, has no broader signification than it has in the earlier part of the section.

Did the subsequent acts of June 20, 1878, and March 3, 1881, enlarge the scope of section 5485? I think not. Now, it is true, the language of the former of these acts, as we have seen, is: "It shall be unlawful for any attorney, agent, or other person to demand or receive for his services *in a pension case* a greater sum than ten dollars." A careful examination of the whole act, however, shows it to be simply amendatory of the legislation embodied in sections 4768, 4769, 4785, and 4786. It provides that "no fee contract shall hereafter be filed with the commissioner of pensions in any case;" and, after restricting sections 4768, 4769, and 4786 to then pending claims, where the claimant had already been represented by an agent or attorney, it repealed section 4785. The obvious purpose of this act was to fix $10 as the compensation which, in all future cases, could be lawfully demanded or accepted by an agent, attorney, or other person instrumental in prosecuting a claim for pension. But it soon

became a serious question whether the penalty prescribed by section 5485 of the Revised Statutes was applicable to a violation of the act of June 20, 1878, and the decisions of the courts were conflicting. *U. S. v. Mason,* 8 FED. REP. 412; *U. S. v. Dowdell,* Id. 881. It is quite certain that, in order to remove all doubt and settle the law with respect to this disputed point, congress passed the act of March 3, 1881.

After a careful consideration of the whole legislation upon this subject, and having regard to that canon of interpretation which requires a penal statute to be construed strictly, I have reached the conclusion that judgment must be entered upon the demurrer in favor of the defendant; and it is so ordered.